# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Plum Island Soap Company, LLC<br><br>Plaintiff,<br><br>v.<br><br>Duke Cannon Supply Company, LLC<br><br><br><br>Defendant | Docket Number<br><br>_____ |

## COMPLAINT

### Parties

1.      The Plaintiff, Plum Island Soap Company, LLC, is a Massachusetts limited liability company ("Plum Island" or "PISC"), with a principal place of business located at 205 Northern Boulevard, Plum Island, Newburyport, Massachusetts, 01950.

**2.**      The Defendant, Duke Cannon Supply Company, LLC is a limited liability company organized and existing under the laws of the State of Delaware with a home office address at 108 West 13th Street, Wilmington, DE 19801, and a principal place of business at 1000 Superior Blvd #301 Wayzata, MN 55391 USA. Defendant is a developer, producer, distributor and retailer of toiletries principally marketed to and for men.

### Jurisdiction and Venue

3.      Subject matter jurisdiction is proper pursuant to 28 U.S.C. § 1338(a) and 15 U.S.C. § 1121(a).

190201                                                              1

4.      Subject matter jurisdiction is proper pursuant federal question, and venue in this action is proper pursuant to 28 U.S.C. §§ 1391(b) and (c).

5.      Defendant transacts business in the Commonwealth of Massachusetts and contracts to supply services or things in the Commonwealth. In particular, Defendant owns and operates an interactive website located at https://dukecannon.com from which Defendant promotes, offers for sale, sells and distributes toiletries to residents of the Commonwealth of Massachusetts.

6.      This Court has personal jurisdiction over the Defendant pursuant to the Massachusetts Long Arm Statute, M.G.L. c. 223A, § 3 (2011).

7.      Substantial activities have occurred in Massachusetts that give rise to Plum Island's claims and thus jurisdiction and venue are appropriate in this Commonwealth.

8.      The actions and transactions constituting the alleged unfair method of competition or the unfair or deceptive act or practice pursuant to chapter 93A §§ 2 and 11 occurred primarily and substantially within the Commonwealth of Massachusetts.

**Facts**

9.      In or around 1999, Michele Ulchak began Plum Island Soap Company, a company that produces her line of all-natural toiletries, scented soaps, creams, and oils.

10.      The business of Plum Island was originally a sole proprietorship; subsequently, the business then was incorporated into a Massachusetts limited liability company.

11.      Plum Island Company owns and holds all of the rights and proprietary interests in and to all of the intellectual property that gives rise to any and all of the claims herein.

190201                                                    2

12.     In 2004, PISC devised the marketing source-identifier of using paint cans as packaging for high-quality, all natural body products for men as incongruous, humorous, recognizable and unforgettable trade dress ("Trade Dress").

13.     In March 2004, Plum Island began using the Trade Dress and the trademark "The Man Can" ("The Man Can") in connection with toiletries.

14.     The Man Can is packaged in a distinctive paint can with a large label and block lettering on it clearly marking the product as "The Man Can." On top of the can is a paint can opener and bottle opener embossed with the name of the Plum Island Soap Company.

15.     Upon information and belief, Plum Island used the Paint Can Trade Dress exclusively in connection with the marketing and sale of toiletries for at least five (5) years, thus establishing prima facie evidence of use to demonstrate secondary meaning.

16.     The validity of Plum Island's Paint Can Trade Dress was recognized in 2013 in the United States District Court, District of Massachusetts, in the form of the grant of a preliminary injunction and then a permanent injunction issued against a copycat competitor. A copy of the preliminary injunction and the permanent injunction are attached as Exhibit 1 and 1-A.

17.     The Man Can is the most successful of Plum Island's products, with gross sales in excess of one million dollars. It has been sold in all fifty of the United States and Canada, and was featured in the Boston Globe as one of its "20 quirky gift ideas under $50."[1]

---

[1] http://www.boston.com/business/specials/holiday/2010/quirkyunusualgifts?pg=11

18.    The Man Can is Plum Island's flagship product and is emphasized on the front page of their website as depicted below:



19.     On September 23, 2009, Plum Island applied to register "The Man Can" mark with the United States Patent and Trademark Office (the "PTO"). On August 17, 2010, the PTO approved the application and issued a Certificate of Registration under Registration Number 3833999 (the "Registration"). A copy of the registration certificate is attached as Exhibit 2.

20.     On April 19, 2016, Plum Island applied to for the incontestability of the Registration pursuant to pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065 and on June 23, 2016 the PTO accepted the filing. Thus, the Man Can Registration has become incontestable.

21.     Plum Island has devoted over 15 years to the cultivation The Man Can mark and Trade Dress as identifying Plum Island's high quality, hand crafted soaps and toiletries. As a result of Plum Island's long and extensive use and promotion of The Man Can Mark and Trade Dress in interstate commerce, The Man Can Mark and Trade Dress have become distinctive.

22.     Upon information and belief, Defendant launched its business in 2011 to market grooming products to men.

23.     Upon information and belief, in 2016, Defendant started marketing a set of toiletries for men in paint cans identical to the Trade Dress, and appropriated Plum Island's The Man Can mark in its entirety, merely adding the words "Handsome" and "Grooming" calling this product "The Handsome Man Grooming Can".

24.     At some point, Defendant started marketing a set of toiletries for men in paint cans identical to the Trade Dress, and appropriated Plum Island's The Man Can mark in its entirety, merely adding the "Dapper" and "Gentle", calling this product . "The  Dapper Gentleman's Grooming Can.

25.     Plum Island, through its counsel, contacted Defendant on December 17, 2018 by Registered Mail, which was received by Defendant on January 7, 2019 and demanded that Defendant cease and desist at once using any colorable imitation of Plum Island's "The Man Can" Trademark and Trade Dress.

26.     On January 24, Counsel for Plum Island and Defendant's counsel engaged in a telephone conversation to discuss whether the Defendant would comply with the terms of the Cease and Desist Letter.  That telephone conference did not result in an agreement by the Defendant to cease marketing and selling its cans.

## Claims

### COUNT I: TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1114 BY THE DEFENDANT

27.     Plum Island realleges the preceding paragraphs.

28.     Defendant's use of "The Handsome Man Grooming Can" and, "The Dapper Gentleman's Grooming Can" and Trade Dress is substantially similar as to appearance, sound, connotation and commercial impression to the registered trademark "The Man Can" and Trade Dress and constitutes an infringement of Plum Island's registered trademark and Trade Dress.

29.     Defendants' use of "The Handsome Man Grooming Can" and, "The Dapper Gentleman's Grooming Can" and Trade Dress are used in connection with the same kinds of goods as the those produced, marketed and sold by Plum Island.

30.     The purchasing public is likely to be confused, and such use is likely to cause mistake or to deceive the public as to the source or origin of the respective goods, causing irreparable harm to Plum Island for which there is no adequate remedy at law.

31.     As a result of the Defendants' conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

## COUNT II: TRADEMARK INFRINGEMENT IN VIOLATION OF THE LANHAM ACT, 15 U.S.C. § 1125 BY THE DEFENDANTS

32.     Plum Island realleges the preceding paragraphs and hereby incorporates herein those paragraphs by reference, as though specifically pleaded herein.

33.     Defendant has used in commerce confusingly similar trademarks, namely "The Handsome Man Grooming Can" and, "The Dapper Gentleman's Grooming Can" and the Trade Dress. This constitutes unfair competition pursuant to 15 U.S.C. § 1125(a).

34.     Defendant's use of "The Handsome Man Grooming Can" and, "The Dapper Gentleman's Grooming Can" and Trade Dress has and will likely continue to cause confusion, mistake, and deception among consumers.

35.     Defendant's unfair competition has caused and will continue to cause damage to Plum Island, and is causing irreparable harm to Plum Island for which there is no adequate remedy at law.

36.     As a result of Defendant's conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

## COUNT III: CONTRIBUTORY TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)

37.     Plum Island repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

38.     Defendants have participated in or otherwise knowingly contributed to the colorable imitation, use, reproduction, and/or sale of the federally registered Man Can Trademark and Trade Dress by third parties in connection with the sale, offering for sale, distribution, or advertising of goods or services in interstate commerce on behalf of Defendant.

39.     Defendant has indirectly profited from these acts of infringement.

40.     Defendant's contributory conduct in connection with the unauthorized and

unlawful acts of the third party agents, partners, and associates, has enabled Defendant to trade

unlawfully upon the established goodwill and reputation of Plum Island.

41.     Defendant is thereby unjustly enriching itself at the expense of and to the damage

and injury of Plum Island.

42.     The unauthorized use of colorable imitations of the Man Can Trademark and

Trade Dress by Defendant and/or their third party agents, partners, and associates, as described

above, constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15

U.S.C. § 1114(1).

43.     Plum Island has been damaged by the foregoing contributory infringement, has

suffered and will continue to suffer monetary damages and loss of goodwill, and absent

injunctive relief, will continue to be irreparably harmed by the actions of Defendant and/or its

third party agents, partners, and associates.

## COUNT IV: VICARIOUS TRADEMARK INFRINGEMENT IN VIOLATION OF 15 U.S.C. § 1114(1)

44.     Plum Island repeats and realleges each allegation contained in the preceding

paragraphs as if fully set forth herein.

45.     Defendant has participated in or otherwise knowingly contributed to the use,

reproduction, and/or imitation of the Trade Dress by third parties in connection with the sale,

offering for sale, distribution, or advertising of goods or services in interstate commerce on

Defendant's behalf.

46.     Defendant has the right and ability to control the content and appearance of advertising and promotional materials published and distributed on its behalf by third party agents or retailers in connection with the sale, offering for sale, distribution, or advertising of toiletries services in interstate commerce.

47.     The use of the Trade Dress and colorable imitation of the Man Can mark by third party agents as described herein has caused confusion among consumers, and constitutes infringement of Plum Island's Trade Mark and Trade Dress.

48.     Defendant receives a direct financial benefit from the unauthorized use of the colorable imitation of Plum Island's Trade Mark and Trade Dress by such third parties.

49.     Defendant is therefore vicariously liable for the infringing use of the Plum Island's Trade Mark and Trade Dress by his third party agents.

50.     Plum Island has been damaged by the foregoing vicarious infringement, has suffered and will continue to suffer monetary damages and loss of goodwill, and absent injunctive relief.

## COUNT V: TRADEMARK INFRINGEMENT UNDER MASSACHUSETTS COMMON LAW

51.     Plum Island repeats and realleges each allegation contained in the preceding paragraphs as if fully set forth herein.

52.     Defendant is engaged in trade and commerce in the Commonwealth of Massachusetts.

53.     Defendant's actions as described above regarding the Trade Dress and Man Can Mark constitute trademark infringement in violation of Massachusetts common law.

54.     Defendant's  use of a colorable imitation of the Man Can Mark and Trade Dress has caused and is causing irreparable injury to Plum Island for which Plum Island has no adequate remedy at law, and will continue to do so unless Defendant is enjoined by this Court.

55.     Defendant's infringing use of the Trade Dress and Man Can Mark has been willful, wanton, reckless and in total disregard of Plum Island's rights.

56.     By reason of the foregoing, Plum Island has suffered and will continue to suffer monetary damages and loss of goodwill.

<div align="center">

### COUNT VI: FALSE DESCRIPTION BY DEFENDANT

</div>

57.     Plum Island realleges the preceding paragraphs and hereby incorporates  herein those paragraphs by reference, as though specifically pleaded herein.

58.     Defendant's use of "The Handsome Man Grooming Can", "The Dapper Gentleman's Grooming Can" and Trade Dress is such a colorable imitation and copy of Plum Island's trademark "The Man Can", that it is likely to create confusion, or to cause mistake, or to deceive consumers as to the affiliation, connection or association of Plum Island's products, or to deceive consumers as to the origin, sponsorship or approval of Defendant's products. Plum Island avers that Defendant's use of "The Handsome Man Grooming Can", "The Dapper Gentleman's Grooming Can" and Trade Dress comprises a false description or representation of such business or products under 15 U.S.C. § 1125(a) (Section 43(a) of the Lanham Act).

59.     As a result of the Defendants' conduct, Plum Island has suffered and continues to suffer great harm and has been damaged.

190201                                                        10

## COUNT VII: UNFAIR AND DECEPTIVE TRADE PRACTICES UNDER MASSACHUSETTS GENERAL LAWS 93A§§2 AND 11.

60. Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

61. The Plaintiff Plum Island is engaged in trade and/or commerce within the meaning of G.L. c93A §2 and 11;

62. Defendant is engaged in trade or commerce within the meaning of G.L. c93A §§2 and 11;

63. The transactions complained of in this matter are all within a business context;

64. Defendant's bad faith actions discussed herein, namely Defendants' willful and intentional use of colorable imitations of "The Man Can" and the Trade Dress, namely "The Handsome Man Grooming Can" and, "The Dapper Gentleman's Grooming Can", *especially* after receipt of the Cease and Desist Letter, constitute unfair and deceptive trade practices within the meaning of G.L. c§93A.

65. As a result of the acts and omissions of the Defendants that give rise to violations of G.L. 93A, Plum Island has suffered and continues to suffer great damage.

## COUNT VIII: UNJUST ENRICHMENT

66. Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

67. Defendant has financially benefitted from its ongoing infringement of The Man Can Trademark and the Trade Dress.

68. Plum Island has been damaged due to the ongoing infringement of its The Man Can Trademark and the Trade Dress by Defendant.

190201                                              11

69.     To the extent that Plum Island has no adequate remedies at law, it would be unjust for Defendant to keep the funds that it earned as a result of its infringing activities.

### COUNT IX: COMMON LAW INJURY TO BUSINESS REPUTATION

70.     Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein

71.     Plum Island alleges that Defendant' use of a colorable imitation of The Man Can Trademark and the Trade Dress Plum injures Plum Island and creates a likelihood of injury to Plum Island's business reputation because persons encountering Defendant and its products will believe that Defendant is affiliated with, or related to, or has the approval of Plum Island, and any adverse reaction by the public to Defendant and the quality of its products and the nature of its business will injure the business reputation of Plum Island and the goodwill that it enjoys in connection with its The Man Can Trademark and the Trade Dress.

### COUNT X: INJUNCTIVE RELIEF

72.     Plum Island realleges the preceding paragraphs and hereby incorporate herein by reference, as though specifically pleaded herein.

73.     Plum Island has a high likelihood of success on the merits of its claims.

74.     In the absence of injunctive relief, Plum Island will suffer irreparable harm to its goodwill and its reputation due to Defendant's infringement of The Man Can Trademark and Trade Dress.

75.     Injunctive relief is permitted pursuant to 15 U.S.C. § 1116.

76.     This Court should therefore enter a preliminary injunction and permanent injunction prohibiting Defendant from continuing to engage in their infringing activity

### REQUESTS FOR RELIEF

WHEREFORE, Plum Island requests that this Honorable Court:

1.      Find for Plum Island on its claims;

2.      Order Defendant to disgorge any profits and remit the same to Plum Island pursuant to 15 U.S.C. § 1117(a)(1);

3.      Award actual damages to Plum Island pursuant to 15 U.S.C. § 1117(a)(2);

4.      Award costs to Plum Island pursuant to 15 U.S.C. § 1117(a)(3);

5.      Enter an *ex parte* temporary injunction, preliminary injunction, and permanent injunction pursuant to Mass. R. Civ. P. 65 and 15 U.S.C. § 1116:

      a.      Enjoining Defendant from using Plum Island's trademark and/or Trade Dress, or any colorable imitation thereof;

      b.      Enjoining the Defendant from using any trademark or trade dress that imitates or is confusingly similar to or in any way similar to Plum Island's trademark "The Man Can", or Trade Dress or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plum Island's products or their connectedness to Defendant;

      c.      Directing Defendant to file with the court and serve on the Plaintiff within thirty days after the service on the Defendant of such injunction a report in writing under

190201                                                                    13

oath setting forth in detail the manner and form in which the Defendant has complied

with the injunction;

6.      Find that Defendant's violations of 15 U.S.C. § 1114(1)(a) were willful and award

attorney's fees and treble damages pursuant to 15 U.S.C. § 1117(b);

7.      Find that the Defendants' violations of 15 U.S.C. § 1125(a) were willful and

award attorney's fees and treble damages pursuant to 15 U.S.C. § 1117(b);

8.      Find this to be an exceptional case and award Plaintiff its full costs and reasonable

attorneys' fees;

9.      The Court grant Plaintiff any other remedy to which it may be entitled

as provided for in 15 U.S.C. §§ 1116 and 1117 or under state law;

10.      Find that the Defendant has violated G. L. c93A and to award such damages,

including punitive damages of not less than two times nor more than three times actual damages

for any finding of willful and/or a knowing violation of the statute, plus attorney's fees and costs;

11.      Award any other relief that this Court deems just and proper.

190201                                             14

## JURY DEMAND

The Plaintiff demands a jury trial on all issues so triable.

<div style="margin-left: 50%;">

Respectfully submitted,

PLUM ISLAND SOAP COMPANY LLC,

by her attorneys,

/s/ Jeffrey S. Baker
Jeffrey S. Baker, Esq.
BAKER & ASSOCIATES, P.C.
Two West Hill Place, Suite 100
Boston, MA 02114
Phone: (617) 573-9505
Fax: (617) 573-9503
E-mail: bakerlaw@aol.com
BBO#544929

</div>

Dated: February 1, 2019

## **VERIFICATION**

I, Michele A. Ulchak, state under the pains and penalties of perjury that upon information and belief the facts set forth in this complaint are true and accurate to the best of my knowledge.

_Michele Diodati_

Michele A. Diodati

Date: February 1, 2019

190201                                                          16