UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PLUM ISLAND SOAP COMPANY, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DUKE CANNON SUPPLY LLC, a<br>Delaware Limited Liability Company,<br><br>Defendant | Docket Number<br><br>1:19-cv-10222 RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF THE PLAINTIFF PLUM ISLAND SOAP COMPANY LLC FOR A PRELIMINARY INJUNCTION**

NOW COMES the Plaintiff, Plum Island Soap Company, LLC (collectively "Plum Island"), and submits this memorandum in support of the Motion of the Plaintiff for a Preliminary Injunction.

**Facts**

The facts in this motion are supported by the affidavit of Michele Ulchak, docketed contemporaneously with this memorandum. In or about 1999, Michele Ulchak began Plum Island Soap Company, a company that produces her line of all-natural, scented soaps, creams, and oils. One of Plum Island's most successful products is "The Man Can".

The Man Can is a gift set of soaps and scents designed to appeal to men. The product description, which appears on every Man Can, states as follows: "Our customers love the spicy, sensual fragrance of these manly bath products. Filled with all-natural soap and accessories made on Plum Island, a small barrier island off the Massachusetts coast, The Man Can (packaged in a shiny silver paint can) includes a strapping bar of soap, zesty Bay Rum body oil, Spicy Shave, an invigorating sisal mitt, and a jar of Fisherman's Hand Butter to soothe hard-earned calluses." The

190211

Man Can is packaged in a distinctive paint can with a large, white label and black block lettering on it clearly marking the product as "The Man Can." On top of the can is a paint can opener and bottle opener embossed with the name of the Plum Island Soap Company.

The Man Can is the most successful of Plum Island's products. It has been sold in all fifty of the United States and Canada, and was even recently featured in the Boston Globe as one of its "20 quirky gift ideas under $50."[1] On September 23, 2009, Plum Island applied to register "The Man Can" mark with the United States Patent and Trademark Office (the "PTO"). On August 17, 2010, the PTO approved the application and issued a Certificate of Registration under Registration Number 3833999. See Exhibit 1, Affidavit Exhibit 2.

On April 19, 2016, Plum Island filed a Section 8 and 15 Affidavit (the "Affidavit") with the PTO for the incontestability of the Registration pursuant to pursuant to Section 15 of the Lanham Act, 15 U.S.C. § 1065.  On June 23, 2016 the PTO accepted the Affidavit and the Man Can Registration has become incontestable.  A mark registered under Section 2 of the Lanham Act is presumed valid, and the holder of a registered mark is presumed to have the exclusive right to use it in commerce. Applied Info., 511 F.3d at 969. After five years of continuous use, a registered mark is ordinarily deemed incontestable. Wal–Mart Stores, Inc. v. Samara Bros., Inc., 529 U.S. 205, 209, 120 S.Ct. 1339, 146 L.Ed.2d 182 (2000) (citing 15 U.S.C. §§ 1057(b), 1065); see also Park 'N Fly, Inc. v. Dollar Park & Fly, Inc., 469 U.S. 189, 205, 105 S.Ct. 658, 83 L.Ed.2d 582 (1985) (holding that incontestable trademark registration is "conclusive evidence" of the owner's exclusive right to use the mark).

---

[1] http://www.boston.com/business/specials/holiday/2010/quirkyunusualgifts?pg=11

190211

The Defendant, Duke Cannon Supply LLC ("Duke Cannon") is a company that markets itself as a manufacturer of "…superior quality grooming goods, to meet the high standards of working men", see Affidavit of Michele Diodati. Plum Island has recently become aware that Duke Cannon has appropriated Plum Island's mark in its entirety, merely adding the words ''Handsome'' and ''Grooming'', and/or the words "dapper" "gentle" and "grooming", using Trade the Dress in connection with the marketing and sale of men's toiletries, shaving cream, face wash, balm, and bar soap and calling these products "The Handsome Man Grooming Can'' and/or "The Dapper Gentleman's Grooming Can" ("the Duke Cannon Cans").

The Duke Cannon Cans are marked in a paint can, using trade dress substantially similar to that used by Plum Island.  In December, 2019, Plum Island, through counsel, decided to take action to prevent any further infringement. Plum Island has contacted Duke Cannon on  two separate occasions beginning in or about early January, 2019, by way of a Cease and Desist Letter, see Affidavit of Michele Diodati, Exhibit 1, and then a second time in a phone conference between counsel for Plum Island and Duke Cannon in early February, 2019.  In the Cease and Desist Letter,  Plum Island requested that Duke Cannon cease and desist from using the product names "The Handsome Man Grooming  Can," and using the paint can trade dress. However, Duke Cannon continues to use "The Handsome Man Grooming Can" in its advertising and the paint can motif in the sale of the Duke Cannon Cans.

190211

"The Handsome Man Grooming Can" is substantially similar in trade dress to The Man Can. It clearly infringes upon Plum Island's trademark, cause confusion in the marketplace, and are detrimental to Plum Island's brand and its mark.

## Argument

Preliminary injunctive relief is permitted pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. § 1116(a)[2]. "A plaintiff seeking a preliminary injunction must establish (1) that he is likely to succeed on the merits, (2) that he is likely to suffer irreparable harm in the absence of preliminary relief, (3) that the balance of equities tips in his favor, and (4) that an injunction is in the public interest." Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 129 S.Ct. 365, 374 (2008). "The [Supreme] Court has repeatedly held that the basis for injunctive relief in the federal courts has always been irreparable injury and the inadequacy of legal remedies." Weinberger v. Romero-Barceló, 456 U.S. 305, 312 (1982). Thus, "[a]n injunction should issue only where the intervention of a court of equity is essential in order effectually to protect property rights against injuries otherwise irremediable." Id. (internal quotation marks omitted).

In order for the Court to order preliminary injunctive relief, the movant must demonstrate each of these elements, but a strong likelihood of success on the merits may overcome a "somewhat less" showing of another element. E.E.O.C. v. Astra United States, Inc., 94 F.3d 738 (1st Cir. 1996) (citing Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog, 945 F.2d 150, 153 (6th Cir.1991) ("Simply stated, more of one excuses less of the other."))[3].

---

[2] This court has the "power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under [15 U.S.C. § 1125(a), (c), or (d)]. Any such injunction may include a provision directing the defendant to file with the court and serve on the plaintiff within thirty days after the service on the defendant of such injunction, or such extended period as the court may direct, a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction." 15 U.S.C. § 1116(a).
[3] This case suggests that the First Circuit has moved away from the old "watertight compartments" standard, where each element required a strong showing.  See, e.g., Comfort ex rel Neumyer v. Lynn School Committee, 100 F.

1. <u>Likelihood Of Success On The Merits</u>

There is a high likelihood that Plum Island will succeed on the merits of its claim for copyright infringement under 15 U.S.C. § 1114, which states in relevant part:

> (1) Any person who shall, without the consent of the registrant (a) use in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive; or (b) reproduce, counterfeit, copy, or colorably imitate a registered mark and apply such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive, shall be liable in a civil action by the registrant for the remedies hereinafter provided.

Plum Island has registered its mark, and therefore the burden is on it to prove that Duke Cannon's use of the mark in commerce is likely to cause confusion, mistake, or deception in the marketplace. <u>Volkswagenwerk Aktiengesellschaft v. Wheeler</u>, 814 F.2d 812 (1st Cir. 1987); <u>WCVB-TV v. Boston Athletic Ass'n</u>, 926 F.2d 42 (1st Cir. 1991).

In determining whether there is a likelihood of confusion, the First Circuit has prescribed the following factors (although this list is not exclusive): the similarity of the marks, the similarity of the goods or services, the relationship between the parties' channels of trade, the relationship between the parties' advertising, the classes of prospective purchasers, evidence of actual confusion, and the defendant's intent in adopting the mark. <u>Id.</u> It is clear from a survey of the circumstances of this matter that there is a high likelihood of confusion.

---

Supp. 2d 57 (D. Mass. 2000); <u>LeBeau v. Spirito</u>, 703 F.2d 639, 640 (1st Cir. 1983); <u>Planned Parenthood League v. Bellotti</u>, 641 F.2d 1006, 1009 (1st Cir. 1981).

190211

Here, the marks are highly similar. Plum Island's mark is "The Man Can." <u>Affidavit Exhibit 2</u>. Duke Cannon appropriated The Man Can mark in its entirety, merely adding the words "Handsome" and "Grooming" calling this product "The Handsome Man Grooming Can", see <u>Affidavit Exhibit 2, Exhibit 3, Exhibit 4</u>. These very similar names connote that the products are similar. <u>See</u>, <u>e.g.</u>, <u>Volkswagenwerk</u>, 814 F.2d at 817 (finding similarity between the Volkswagen "Beetle" and an auto repair business unaffiliated with Volkswagen called "The Beetle Barn"). Where one adopts a mark similar to one already in use, there is an affirmative duty to avoid any likelihood of confusion. <u>Id.</u> Duke Cannon cannot show that they have taken any actions to distinguish the Duke Cannon Cans, as they have refused requests from Plum Island's counsel to cease using the mark. Furthermore, the Duke Cannon Cans use virtually identical trade dress as "The Man Can". <u>Affidavit Exhibits 2, 3 and 4</u>. This further blurs the distinction between the two products and will likely cause consumer confusion.

In fact, the category goods and services (although not the quality) provided by the two products are nearly identical: both provide a sampling of soaps and other bath products that are designed for men. As both are designed as "gift baskets", they are both geared towards the same audience: those purchasing gifts of scented bath products for men. Both Plum Island and Duke Cannon use the same channels of trade, as both advertise online and both are dependent on stores of bath products for a large percentage of their sales, see Affidavit of Diodati.

Plum Island has also experienced actual confusion by consumers. Plum Island received a text from one such consumer, who informed Plum Island that the person believed that the Duke

190211

Cannon Man Can was actually Plum Island's product. It was only upon further inspection that this consumer realized that Duke Cannon's product was not from Plum Island.

Duke Cannon has intentionally copied the trade dress of The Man Can and used similar wording to cause confusion between the Duke Cannon Cans and The Man Can. Specifically, on two occasions, counsel for Plum Island contacted Duke Cannon and asked them to cease and desist their infringement of Plum Island's mark. See Affidavit Exhibit 2. Duke Cannon has refused to stop its infringement in response to each of those inquiries. Affidavit. The foregoing, taken together, establish that Plum Island has a high likelihood of success on the merits of its claim for copyright infringement.

2. Irreparable Harm

Plum Island will suffer irreparable harm for which legal remedies are inadequate to make the Plaintiff whole in the absence of preliminary injunctive relief. Plum Island's sales are dependent upon the brand recognition that it has cultivated as a result of The Man Can and the high-quality products that it contains. See Affidavit Exhibit 2. Plum Island has spent hundreds of thousands of dollars creating a unique, high-end brand of organic products (which are contained in The Man Can), including research and development, market analysis, and production. Id. Plum Island has participated in multiple trade shows and advertised in numerous, national trade publications. Plum Island also advertises extensively on the Internet. Id.

In Dunkin' Donuts Franchised Restaurants LLC v. Wometco., 53 F.Supp.3d 221, 230 (2014), this court held that no "mechanical test" exists to calculate "the quantum of hard-to-measure harm that will suffice to justify interim injunctive relief." Citing, Ross–Simons of

190211

Warwick, 102 F.3d at 19. It normally suffices, however, if the movant demonstrates "that its legal remedies are inadequate" and it faces "a substantial injury that is not accurately measureable or adequately compensable by money damages." Id. at 18–19 (citation omitted). Examples of irreparable injuries include harm to goodwill or reputation. Id. at 19–20.

The confusion that the Duke Cannon Cans will likely cause will irreparably harm the goodwill and reputation that Plum Island has worked for fifteen years to cultivate. The Duke Cannon Cans are believed to contain products of significantly inferior quality compared to those of The Man Can. Id.. If the purchasing public is confused or deceived into believing that substandard products are being sold by Plum Island Soap Company, Plum Island will suffer irreparable loss of reputation and good will. Id.  A disparity between a defendant's low-end products and the plaintiff's high-end ones can generate irreparable harm. See, Adidas Am., Inc., 149 F. Supp. 3d at 1249.

Duke Cannon products are also offered at TARGET, Spencer Gifts, and other discount department stores. If consumers are confused that these are Plum Island products, this could irreparably damage Plum Island's reputation and good will with distributors and consumers. Id. A court found irreparable harm when confusion would generate a belief that plaintiff's premium brand hair care products were sold as mass market.  Moroccanoil, Inc. v. Zotos Int'l, Inc., 2017 U.S. Dist. LEXIS 12513 (C.D. Cal. 2017).

Duke Cannon also sells a small version of their toiletries in a can at TARGET, at a very low "bargain basement" price point of $19.99. If the purchasing public is confused about

190211

whether these cheaply-sold goods are from Plum Island, this could cause irreparable damage to Plum Island's reputation and good will with distributors and consumers.

In 2013, the United States District Court, District of Massachusetts recognized Plum Island's valid and subsisting common law rights to the Paint Can Trade Dress and issued a permanent injunction issued against a copycat competitor. The First Circuit has held that where current cases "are so similar to past cases 'that a presumption of irreparable injury is an appropriate exercise of its discretion in light of the historical traditions." Swarovski Aktiengesellschaft, 704 F.3d at 55, citing North Am. Med. Corp., 522 F.3d at 1228.

Furthermore, the Duke Cannon Cans are sold in Massachusetts from at least four in-state retailers. Affidavit Exhibit 2. The Duke Cannon Cans can be purchased from retailers online for shipment into Massachusetts. Id. Furthermore, Plum Island's distributors and customers have actually confused the Daniele Cans with The Man Can, directly harming Plum Island's branding. Id.. Plum Island is thus being irreparably harmed and will continue to be irreparably harmed in the absence of injunctive relief.

### 3. Balance Of The Equities

Third, the equities favor the entry of injunctive relief. Plum Island has worked to cultivate its brand and its image in the public eye by manufacturing a high-quality bath product that is readily identifiable in the marketplace, The Man Can. Duke Cannon, however, has, despite repeated communications with Plum Island's attorney, continued to sell the Duke Cannon Cans. These cans infringe upon Plum Island's mark and have caused actual confusion in the marketplace. Regardless, these facts have fallen on deaf ears and Duke Cannon has refused to cease selling the product or causing confusion between The Man Can and the Duke Cannon

190211

Cans. Duke Cannon's **knowing and willful infringement** of Plum Island's rights and its refusal to address constructively the matter justify the entry of injunctive relief.

### 4. Public Policy Considerations

Lastly, while public policy concerns are not necessarily implicated by this request for injunctive relief, there is a strong public policy of protecting the holder of a trademark validly registered with the Federal government. Thus, the entry of preliminary injunctive relief is necessary and proper to prevent further harm to Plum Island for the ongoing and willful infringement of its mark.

### Requests for Relief

WHEREFORE, Plum Island requests that this Honorable Court enter a preliminary injunction, pursuant to Fed. R. Civ. P. 65 and 15 U.S.C. § 1116:

1. Enjoining the Defendants from using Plum Island's trademark and/or "can motif" trade dress, or any colorable imitation thereof;

2. Enjoining the Defendants from using any trademark or trade dress that imitates or is confusingly similar to or in any way similar to Plum Island's trademark "The Man Can", or "can motif" trade dress or that is likely to cause confusion, mistake, deception, or public misunderstanding as to the origin of Plum Island's products or their connectedness to Defendant; and

3. Directing the Defendants to file with the court and serve on the Plaintiff within thirty days after the service on the defendant of such injunction a report in writing under oath setting forth in detail the manner and form in which the defendant has complied with the injunction.

190211

        Respectfully submitted,

        PLUM ISLAND SOAP COMPANY LLC,

        by her attorneys,

        /s/ Jeffrey S. Baker
        Jeffrey S. Baker
        BAKER & ASSOCIATES
        Two West Hill Place, Suite 100
        Boston, MA 02114
        Phone: (617) 573-9505
        Fax: (617) 573-9503
        E-mail: bakerlaw@aol.com
        BBO#544929

Dated: February 11, 2019

190211

Exhibit 1

# United States of America
## United States Patent and Trademark Office

# THE MAN CAN

**Reg. No. 3,833,999**  ULCHAK, MICHELE A. (UNITED STATES INDIVIDUAL), DBA PLUM ISLAND SOAP
**Registered Aug. 17, 2010** 205 NORTHERN BLVD.
NEWBURYPORT, MA 01950
**Int. Cl.: 3**

FOR: BAR SOAP; BATH GEL; BATH OIL; BATH OILS FOR COSMETIC PURPOSES; BATH SOAPS; BATH SOAPS IN LIQUID, SOLID OR GEL FORM; BODY AND BEAUTY CARE
**TRADEMARK** COSMETICS; BODY CREAM SOAP; COCOA BUTTER FOR COSMETIC PURPOSES; COSMETIC SOAPS; COSMETICS IN THE FORM OF MILKS, LOTIONS AND EMULSIONS; GIFT
**PRINCIPAL REGISTER** BASKETS CONTAINING NON-MEDICATED BATH PREPARATIONS AND COSMETIC PREPARATIONS; HAND SOAPS; LIQUID BATH SOAPS; LIQUID SOAPS FOR HANDS AND FACE; MEDICATED SOAP; NON-MEDICATED TOILETRIES; OILS FOR COSMETIC PURPOSES; OILS FOR TOILETRY PURPOSES; SHAVING SOAPS; SOAPS FOR BODY CARE, IN CLASS 3 (U.S. CLS. 1, 4, 6, 50, 51 AND 52).

FIRST USE 3-1-2004; IN COMMERCE 3-1-2004.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PARTICULAR FONT, STYLE, SIZE, OR COLOR.

SEC. 2(F).

SER. NO. 77-832,731, FILED 9-23-2009.

MARY CRAWFORD, EXAMINING ATTORNEY



Director of the United States Patent and Trademark Office

190209

Exhibit 3



Exhibit 4







### HANDSOME MAN GROOMING CAN - TRAVELERS EDITION
~~$37.00~~  $25.00

Quantity  1

**ADD TO CART**

Contrary to Internet rumors, this is much more than a can of whoopass. This is a can of positive affirmation and premium, American-made grooming goods. The Handsome Man Grooming Can - Travelers Edition comes packed with TSA-friendly versions of our hardest working grooming goods:

- Big Ass Brick of Beer Soap, Jr. (woodsy, sandalwood scent) - 4.5 oz.
- Big Ass Brick of Soap, Jr. - Naval Supremacy (refreshing ocean scent) - 4.5 oz.
- Superior Grade Shaving Cream (bergamot and black pepper scent) - 2 oz.
- Cooling After-Shave Balm (sandalwood scent) - 2.3 oz.
- Working Man's Face Wash (invigorating citrus scent) - 2.0 oz.
- (3) Cold Shower Cooling Field Towels - single units

Comes in a clear paint can that can be reused to store bait, lag bolts, or perhaps deck stain.

190209